# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: Scott Aldridge     Case Number: 3:07-00028

Name of Sentencing Judicial Officer: The Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: June 29, 2007

Original Offense: 21 U.S.C. § 846 Conspiracy to Distribute and Possession With Intent to Distribute Over 100 Kilograms of Marijuana and 21 U.S.C. § 846 Possession With Intent to Distribute Over 100 Kilograms of Marijuana

Original Sentence: 60 months' custody followed by 4 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: May 13, 2011

Assistant U.S. Attorney: Kat Booth     Defense Attorney: Jack D. Lowery

### PETITIONING THE COURT

    ____   To issue a Summons.
    **X**   To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☒ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☐ Other

Considered this 31 day of July, 2014, and made a part of the records in the above case.

_____
Todd J. Campbell
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Eric Illarmo_
Eric Illarmo
U.S. Probation Officer

Place     Nashville, TN

Date     July 30, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the defendant has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall not commit another federal, state or local crime.**

   The defendant violated this condition as evidenced by his arrest on July 28, 2014, in Nashville, Tennessee, for the offense of Assault, Domestic, Offensive/Provocative Conduct. The case is pending in Davidson County General Sessions Court.

   The victim in this case is Crystal Swagler, the defendant's wife. Currently, the two are living separate and apart. According to the victim, on July 27, 2014, the defendant and his girlfriend, Misty Sanderson, arrived at the victim's house at 2711 Riverbend Drive, Nashville, Tennessee. A verbal argument between all three parties escalated into a physical conflict.

   According to the victim, the defendant struck her across the body with his forearm, grabbed the back of her head, and threw her to the ground. He then lifted his foot above her head as if to stomp on her. Reportedly, the incident was witnessed by the minor child of the defendant and the victim.

2. **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

   The defendant violated this condition in that he associated with Misty Sanderson, a convicted felon, without the permission of the probation officer.

   On July 28, 2014, the defendant was arrested in the company of Misty Sanderson, his girlfriend. Ms. Sanderson was also placed under arrest, as she was accused of taking part in the assault on the defendant's wife on July 27, 2014. According to the arresting officers, they located multiple pill bottles containing commonly abused prescription medicines and approximately $1,000 in cash in Ms. Sanderson's possession.

   A criminal history check revealed that Ms. Sanderson was convicted in 2005 for Possession With Intent to Distribute Under 0.5 Grams of Schedule II Controlled Substance and Possession With Intent to Deliver a Controlled Substance- Marijuana 14.175 to 4,535 Grams. In 2012, Ms. Sanderson was convicted of two counts of Aggravated Assault. All of the above-listed offenses are felony convictions.

   On July 29, 2014, the defendant acknowledged he was aware of Ms. Sanderson's criminal history.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Scott Aldridge began his term of supervision on May 13, 2011, and is currently scheduled to complete his term on May 12, 2015. He is reportedly employed by his uncle's business, Ragghianti Contractors.

On February 7, 2014, the defendant submitted a urine sample which tested positive for marijuana, as reported previously to the Court. He was referred to Volunteer Behavioral Health for a substance abuse treatment, and he was placed on a random drug testing program. He has been participating in treatment, and no further drug use has been detected.

**Update of Defendant Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a warrant be issued for Scott Aldridge so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's Office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. SCOTT ALDRIDGE, CASE NO. 3:07-00028

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B felony) 18 U.S.C. § 3583(e)(3) | 6 to 12 months U.S.S.G. §7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 4 years, less any term of imprisonment 21 U.S.C. 841(b)(1)(B) | 2 to 5 years U.S.S.G. §5D1.2(a)(1) | No recommendation |

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

Eric Illarmo
U.S. Probation Officer

Approved:

Britton Shelton
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant    Scott Aldridge

2. Docket Number (Year-Sequence-Defendant No.)    3:07-00028-01

3. District/Office    Middle District of Tennessee

4. Original Sentence Date    June 29, 2007
   month day year

(if different than above):

5. Original District/Office    Same as above

6. Original Docket Number (Year-Sequence-Defendant No.)    Same as above

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| New Misdemeanor Crime | C |
| Associating With a Convicted Felon | C |

8. Most Serious Grade of Violation (see §7B1.1(b))    | C |

9. Criminal History Category (see §7B1.4(a))    | IV |

10. Range of Imprisonment (see §7B1.4(a))    | 6 to 12 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    ■   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. §7B1.3(f).

12. Unsatisfied Conditions of Original Sentence

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($): 0          Community Confinement:   0

   SA($):         0           Home Detention:          0

   Other:         0           Intermittent Confinement: 0

13. Supervised Release

   If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____

   The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

   Period of supervised release to be served following release from imprisonment:_____

14. Departure

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennyslvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90